**Olman Rosendo Mejia MEJIA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 11–73236.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 15, 2013.*

Filed Oct. 22, 2013.

Olman Rosendo Mejia Mejia, Los Angeles, CA, pro se.

Oil, Jane Tracey Schaffner, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FISHER, GOULD, and BYBEE, Circuit Judges.

### MEMORANDUM **

Olman Rosendo Mejia Mejia, a native and citizen of Honduras, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder,* 590 F.3d 1034, 1039–40 (9th Cir.2010). We deny in part and dismiss in part the petition for review.

Mejia has not raised any challenge to the agency's dispositive finding that his asylum claim is time-barred. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996) (issues not raised and argued in a party's opening brief are waived).

Substantial evidence supports the agency's adverse credibility determination because Mejia's testimony was both internally inconsistent and inconsistent with the documentary evidence regarding the timing of his political activities and his attack. *See Singh v. Holder,* 638 F.3d 1264, 1270 (9th Cir.2011). In the absence of credible testimony, Mejia's withholding of removal claim fails. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Mejia's CAT claim is based on the same testimony the BIA found not credible, and the record does not otherwise compel the conclusion that it is more likely than not that he will be tortured if returned to Honduras, his CAT claim also fails. *See id.* at 1156–57.

Finally, we lack jurisdiction to consider Mejia's contention that the IJ was biased and prejudiced because he failed to raise it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (court lacks jurisdiction to consider due process challenges that have not been administratively exhausted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

